UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CLIFFORD COURT UPTEGROVE,<br>Defendant. | CASE NO. CR04-465 MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1) |

The above-entitled Court, having received and reviewed:

1. Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. No. 24),
2. The Government's Response to Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. No. 34),
3. Defendant's Reply to the Government's Response to Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. No. 40), all attached declarations and exhibits, the Memorandum prepared by the United States Probation

and Pretrial Services (Dkt. No. 29), and relevant portions of the record, hereby GRANTS the Motion as follows:

Defendant pleaded guilty to Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and to Using a Firearm During and in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c). On January 28, 2005, the Court sentenced Defendant to a 248-month term of custody to be followed by a 5-year term of supervised release with a number of conditions. Defendant is currently incarcerated at the Federal Correctional Institution, Otisville in New York and is scheduled to be released from custody on March 17, 2022.

While a judgment of conviction in a criminal matter constitutes a final judgment, it may be modified in certain circumstances. Dillon v. United States, 560 U.S. 817, 825 (2010). Relevant to this matter, a court may modify a term of imprisonment pursuant to 18 U.S.C. § 3582(C)(1) if three conditions are met:

(1) The inmate must have exhausted administrative review of the failure of the Bureau of Prisons to motion to reduce on its own initiative, or waited until a lapse of 30 days after the request was made to the warden of his or her facility (whichever is earlier);
(2) The inmate has presented extraordinary and compelling reasons for the reduction; and
(3) The reduction must be consistent with the Sentencing Commission's policy statement found at USSG § 1B1.13.

18 U.S.C § 3582(c)(1)(A). To meet the Sentencing Commission's policy statement, the defendant is required to present "extraordinary and compelling" circumstances, defined as "suffering from a terminal illness," "a serious physical or medical condition," or "experiencing deteriorating physical or mental health because of the aging process;" or prove that he is at least 65 years old, "experiencing a serious deterioration in physical or mental health because of the

aging process," and has served 10 years or three-quarters of his or her sentence. USSG § 1B1.13 cmt. n.1.

Defendant's Motion satisfies all three elements of 18 U.S.C. § 3582(c)(1).

First, the parties agree that Defendant has exhausted the administrative review process.

Second, Defendant presents extraordinary and compelling circumstances justifying his release. Defendant suffers from asthma, a medical condition the Center for Disease Control has warned can place an individual at an increased risk for severe illness from COVID-19. Additionally, Defendant is 57 years old. While this does not place him in the very highest risk categories, the CDC reports that "[a]s you get older, your risk for severe illness from COVID-19 increases. For example, people in their 50s are at higher risk for severe illness than people in their 40s." (Dkt. No. 24 (quoting CDC, Coronavirus Disease 2019 https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Nov. 16, 2020).) In combination, Defendant's medical condition and age justify the determination that extraordinary and compelling circumstances exist in this case.

Third, release of Defendant is consistent with the U.S. Sentencing Guidelines. The Court may reduce Defendant's sentence if it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13. The Court finds that Defendant has taken commendable strides to grow and change while in prison, completing a number of self-help and educational programs in anticipation of his eventual release and maintaining a clean disciplinary record for the last nine-plus years.

He will also be released to live with his sister, which will allow him to rehabilitate in a smaller community with family nearby, while offering his sister, who is struggling with lymphoma, the help she needs. Because Defendant has made great efforts to learn and develop

while in prison, and will receive stability and support upon release, the Court finds he does not pose a danger to the community. This is especially so because Defendant has served 16 years and six months in prison, almost 94% of the sentence imposed by the Court, and is due to be released in early 2022. Had Defendant been sentenced under current laws, he would have been released years ago, reflecting the Sentencing Commission's current assessment of the danger posed by those committing Defendant's crimes. (See Dkt. No. 24 at 13-14.)

Accordingly, the Court ORDERS:

(1) Defendant's term of imprisonment shall be reduced to time served and he shall be released 14 days from the date of this order to accommodate a quarantine period with the Federal Bureau of Prisons. If Defendant tests COVID-19 positive at any time during this quarantine period, BOP will notify the government who will immediately notify the Court so the Order can be modified appropriately.

(2) Defendant shall be released to reside with his sister Carole Warehime-Gibson at her house, in Yakima, Washington;

(3) Supervised release shall commence immediately upon Defendant's release from custody, during which time Defendant shall be subject to the mandatory, standard, and special conditions of supervision set forth in the Judgment (Dkt. No. 20), as well as the conditions set forth in this Order;

(4) Defendant shall participate as directed in a mental health program approved by the United States Probation Office. The defendant must contribute towards the cost of any programs, to the extent the defendant is financially able to do so, as determined by the U.S. Probation Officer.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 17, 2020.

Marsha J. Pechman
United States Senior District Judge